**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| ABREU SANTIAGO, <br><br> Plaintiff, <br><br> v. <br><br> ARPS, INC., an Illinois corporation, <br><br> Defendant. | Case No. 1:23-cv-17072 <br><br> Honorable Manish S. Shah <br><br> Magistrate Judge Honorable Keri L. Holleb |

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Abreu Santiago, through his undersigned counsel, states the following in support of his Amended Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant ARPS, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

1

4. Defendant ARPS, Inc. is a corporation with its registered office located at 8930 Waukegan Road, Suite 210, Morton Grove, IL 60053.

5. Upon information and belief, Defendant ARPS, Inc. owns and/or manages "Popeyes Louisiana Kitchen" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including moderately severe multiple sclerosis and is also paraplegic. These conditions cause sudden onsets of severe pain, require Plaintiff to use a wheelchair, and substantially limit Plaintiff's major life activities.

8. Plaintiff suffered from these disabilities during his visit (and prior to instituting this action) to Popeyes Louisiana Kitchen.

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition requires mobility aids to assist his movement at all times.

11. Plaintiff regularly travels to the Chicago, Illinois area to visit friends and shop. Plaintiff visited Chicago, IL on July 2, 2023, and plans to return in July, 2024.

12. Plaintiff shops and dines at restaurants when he is in the area.

13. Plaintiff does not always dine at the same restaurant, but prefers to shop around for the best places with regard to menu, prices, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at restaurants due to his frequent travels.

2

15. While many restaurants advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit restaurants that offer the menu, pricing and location he desires prior to dining to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that Popeyes Louisiana Kitchen is accessible, Plaintiff encountered barriers to access at the Chicago Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on July 2, 2023.

18. Plaintiff is currently deterred from considering the Facility as an option for dining on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Chicago Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on July 2, 2023 at the Chicago Facility located at 5353 N. Harlem Ave., Chicago, IL 60656 that affected his disabilities:

    a. Men's Restroom

        i. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which cause Plaintiff difficulty in maneuvering in the water closet.

ii. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes Plaintiff difficulty in accessing and using the element.

iii. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which makes it unsafe and difficult for Plaintiff to get onto and off of the toilet.

iv. Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which makes it unsafe and difficult for Plaintiff to get onto and off of the toilet.

v. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which makes it unsafe for Plaintiff to use the sink.

vi. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards, which causes Plaintiff difficulty in using the coat hook.

vii. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which makes it difficult for Plaintiff to use the mirror.

viii. Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which causes Plaintiff difficulty in using the paper towel dispenser.

ix. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which causes Plaintiff difficulty in entering and exiting the restroom.

x. Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which causes Plaintiff difficulty in getting onto and off of the toilet because he cannot use the wall or partition for support.

xi. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which causes Plaintiff difficulty in getting onto and off of the toilet because he cannot use the grab bar for support.

xii. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which cause Plaintiff difficulty in accessing the toilet paper dispenser.

  xiii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which makes it difficult for Plaintiff to open the gate or door.

  xiv. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of sections 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1 of the Standards, which requires Plaintiff to search for an accessible restroom or use a restroom that is unsafe for him.

  xv. Failing to provide the water closet seat at the correct height above the finished floor in violation of sections 604 and 604.4 of the Standards, which causes Plaintiff difficulty in using toilet.

  xvi. Failing to provide the correct opening width for a forward approach into a urinal, stall door or lavatory (sink) in violation of sections 305, 305.7.1, 404, 605.3 and 606.2 of the Standards., which causes Plaintiff difficulty in maneuvering in the space in order to use the urinal, stall door or lavatory (sink).

b.  Parking

  i. Failing to provide sign(s) for disabled parking or van disabled parking in violation of sections 502 and 502.6 of the Standards,

7

which requires Plaintiff to travel further than necessary to enter the Facility.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to safety concerns and fear of aggravating his injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendant to make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

Respectfully submitted,

CASS LAW GROUP, P.C.

/s/ Angela C. Spears
Angela C. Spears (IL Bar #: 6327770)
CASS LAW GROUP, P.C.
20015 S. LaGrange Rd #1098
Frankfort, IL 60423
T: (833) 343-6743
F: (855) 744-4419
E: aspears@casslawgroup.com
*Counsel for Plaintiff*

Dated: February 12, 2024

9